JACK P. DICANIO (SBN 138782)
Jack.DiCanio@skadden.com
EMILY A. REITMEIER (SBN 305512)
Emily.Reitmeier@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile:  (650) 470-4570

*Attorneys for Defendants*
MAPLE BEACH VENTURES LLC (NEVADA),
MAPLE BEACH VENTURES ONE, LLC (WYOMING), AND
MAPLE BEACH VENTURES ONE, LLC (DELAWARE)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MARCY SIMON, an individual residing in New York,<br><br>Plaintiff,<br><br>v.<br><br>MAPLE BEACH VENTURES LLC, a Nevada limited liability company; MAPLE BEACH VENTURES ONE, LLC, a Wyoming limited liability company; and MAPLE BEACH VENTURES ONE, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO.: 3:21-mc-80013-JCS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL REGARDING PLAINTIFF'S PETITION TO CONFIRM THE ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT AND RELATED DOCUMENTS** |

Pursuant to Civil Local Rules 79-5 and 7-11 and a confidentiality agreement, Defendants Maple Beach Ventures, LLC ("MBV"), Maple Beach Ventures One LLC (a Wyoming limited liability corporation), and Maple Beach Ventures One LLC (a Delaware limited liability corporation) (jointly "Defendants"), file a response to Plaintiff's Administrative Motion to File Under Seal portions of her Petition to Confirm the Arbitration Award and for Entry of Judgment (the "Petition") and related documents.  (Dkt. No 2.)   Defendants respectfully request that the Court narrow Plaintiff's proposed redactions and seal the information set forth in Exhibit A to this Response and as set forth in the exhibits attached to the Declaration of Emily Reitmeier. This Response is also supported by the Declaration of Derek Rundell ("Rundell Declaration").

## PROCEDURAL BACKGROUND

Plaintiff Marcy Simon and MBV[1] entered into a consulting agreement in 2014 (the "Consulting Agreement").  A dispute subsequently arose between the parties.  Because the Consulting Agreement contains an arbitration clause, the parties submitted the dispute to arbitration with JAMS.  On January 13, 2021, the arbitrator issued his final award and Plaintiff filed the Petition in this Court to confirm the award and for an entry of judgment.  (Dkt. No. 1.)

In connection with the Petition, Ms. Simon filed an administrative motion to seal portions of the Petition, the Declaration of Kerry Garvis Wright (the "Wright Declaration"), and the exhibits attached thereto pursuant to Local Rule 79-5 and 7-11.  (Dkt. No. 2.)  Ms. Simon filed the motion to seal because the parties agreed that the terms of the Consulting Agreement, as well as information related to MBV's business was confidential.  (Ex. 2 to Wright Decl. at ¶5.)  To that end, the Consulting Agreement provides that the parties agree that they will "to the fullest

---

[1] The arbitration was initially brought against Maple Beach Ventures One, LLC (Wyoming) due to an allegation that the investments made pursuant to the Consulting Agreement had been transferred to that entity. Subsequently, it was discovered that the investments were assigned and transferred to a different entity, Maple Beach Ventures One, LLC (Delaware). (Pet. at n. 1.) Respondents and the managing director of Maple Beach Ventures One, LLC (Delaware), who also is the managing director of the other Defendants, authorized Maple Beach Ventures One, LLC (Delaware) to be added as a party to the arbitration. Neither Maple Beach Ventures One, LLC (Wyoming) or Maple Beach Ventures One, LLC (Delaware) signed any agreement with Ms. Simon. There is no need to consider the LLC operating agreement of Maple Beach Ventures One, LLC (Delaware) or the purported transfer agreement in this Court's ruling, which are private documents that are labeled Confidential, on the relief sought in the Petition.  Thus, for the reasons set forth in this Response and the Rundell Declaration ¶9, Exhibits 6 and 7 to the Wright Declaration should remain sealed in their entirety.

extent permitted by law, file under seal any claim, cause of action or proceeding related to any arbitration sought, compelled, or performed hereunder or any arbitration ruling or award issued" and that "[i]n no event will the receiving party or its agents oppose an action by the disclosing party to obtain a protective order, order sealing documents, or other relief requiring that confidential information to be disclosed shall be treated confidentially in connection with any claim, action or proceeding." (*Id.* ¶7(h).) Thus, pursuant to Local Rule 79-5(e), Defendants submit this response and supporting declaration of Derek Rundell in support of sealing the information identified in this Response.

## ARGUMENT

The parties' arbitration agreement, which forms the basis of the Petition, is found in the Consulting Agreement. (*See* Ex. 2 to Wright Decl. ¶7(h).) Because the parties wished to maintain the confidentiality of the terms and conditions of their business relationship, as well as any disputes that might have arisen from that relationship, the parties chose confidential binding arbitration as the method to resolute any of their disputes. (*See* Ex. 2 to Wright Decl. ¶¶5, 7(h).) There is a "liberal federal policy favoring arbitration" to resolve disputes. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). "The point of affording parties discretion in designing arbitration processes is to allow for efficient, streamlined procedures tailored to the type of dispute. It can be specified, for example, that the decisionmaker be a specialist in the relevant field, or that proceedings be kept confidential to protect trade secrets." *Id.* at 344-45. Here, the parties chose arbitration as a dispute resolution mechanism precisely because they wanted the terms and conditions of their agreements, as well as facts and circumstances related to any disputes, to be kept confidential. Should the Court deny the motion to seal, it would undermine the parties' decision to choose arbitration as a method of dispute resolution.

The Court has the inherent authority to seal sensitive and confidential information contained in its records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Hagestad v. Tragesser*, 49 F.3d 1430, 1433–1434 (9th Cir. 1995). While there is a presumption of public access to judicial records and documents, this presumption can be overcome. *Nixon*, 435 U.S. at 597-98. Documents that are "more than tangentially related to the merits of a case"

may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). But "filings that are only tangentially related to the merits" may be sealed upon a lesser showing of "good cause." *Fitzhenry-Russell v. Dr. Pepper Snapple Group, Inc.*, 326 F.R.D. 592, 616 (N.D. Cal. 2018). The "good cause" standard only requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

Here, the lesser "good cause" standard applies because the specific information sought to be sealed in connection with the Petition is only tangentially related to the merits of this action. Defendants will not contest the Petition. Thus, there is no need for the Court to engage in any analysis of the merits of the case. Judicial review of an arbitration award "is both limited and highly deferential." *Coutee v. Barrington Capital Grp., L.P.*, 336 F.3d 1128, 1132 (9th Cir. 2003). Under the FAA, "the court ***must*** grant such an order unless the award is vacated modified, or corrected as prescribed in [9 U.S.C.] sections 10 and 11." 9 U.S.C. § 9.

The Petition and Exhibits filed by Plaintiff needlessly exceed that which is required by this Court to confirm the arbitration award. A petition to confirm an arbitration award need only include: (1) the agreement to arbitrate; (2) the selection or appointment of the arbitrator or umpire; (3) if there is a written extension for the time within which the award must be made, any such extension; (4) the arbitral award; and (5) any notices, affidavits or other papers "used upon an application to confirm, modify, or correct the award," together with each court order on the application. 9 U.S.C. § 13. The petition must also include information to demonstrate to the district court that there is jurisdiction, since federal courts are courts of limited jurisdiction. It does not need to include, for example, the actual agreement which forms the basis of a breach of contract action leading to arbitration, agreements that do not include the arbitration clause at issue,[2] pages of factual background leading up to the creation of the Consulting Agreement at

---

[2] These other agreements have provisions unrelated to the Consulting Agreement. (*See, e.g.*, Ex. 3 to Wright Decl. ¶¶1(a)(i)(1)-(4); 1(a)(ii)-(iii).) Including extraneous information is even more concerning when it is one-sided and inflammatory, and could lead to a real risk of reputational harm. (*See* Pet. at 4:9-15.) Defendants do not adopt nor agree with all the purported "facts" in the Petition, which omit key findings from the arbitration.

3
RESPONSE TO ADMINISTRATIVE MOTION RE: SEAL          Case No. 3:21-mc-80013-JCS

issue, and a play by play of the post-award briefing. But that is precisely what the Plaintiff included in her Petition and Exhibits. This information is neither essential to the court confirming the award and issuing a judgment in this action, nor is it necessary for the public to be able to understand the Court's ruling on the Petition. This is particularly true here because Respondents do not intend to oppose the request to confirm the arbitration award.

It is important to note that this is not simply a case where the parties agreed to confidential arbitration and are seeking to restrict public access to judicial filings involving that arbitration. Defendants are mindful that the standard to seal cannot be met simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1182–83, n.9 (9th Cir. 2006). But here, the parties' intent—that the terms of the business relationship remain confidential and that disputes be resolved through confidential arbitration—should not be undermined because Plaintiff filed superfluous information with her Petition. An order denying the motion gives license to parties to disregard the confidentiality provisions set forth in any agreement under the guise that such information is "necessary" to confirm an arbitration award in court. Thus, release of this information constitutes a "specific prejudice or harm" to Defendants. *Phillips*, 307 F.3d at 1210–11.

Additionally, there is also potential harm which can be inflicted on third parties. Other than the Consulting Agreement, the Petition and its attachments reference individuals and entities who were not parties to the arbitration or this Petition. (*See, e.g.*, Petition at 2:20-3:8; 3:25-28; Ex. 3 to Wright Decl. ¶1(a)(iii).) The parties specifically negotiated for, and included express terms to ensure that the relevant agreements preserved confidentiality. Because the references to the non-parties are not necessary to confirm the arbitration award, particularly in an uncontested proceeding, an order sealing those portions of the Petition is appropriate. Indeed, it is proper to protect an individual's privacy interests and to seal personal information, including a person's name, when that person is a non-party. *See Vietnam Veterans of Am. v. C.I.A.*, 2012 WL 1094360, at *1 (N.D. Cal. Mar. 29, 2012) (sealing exhibits containing records with "identifying and sensitive personal information about certain individuals[.]").

1    Even if this Court should find that the "compelling reasons" standard applies, the records
2 still should be sealed. "In general, 'compelling reasons' sufficient to outweigh the public's
3 interest in disclosure and justify sealing court records exist when such 'court files might have
4 become a vehicle for improper purposes,' such as the use of records to gratify private spite, [or]
5 promote public scandal[.]" *Kamakana,* 447 F.3d at 1179 (*quoting Nixon*, 435 U.S. at 598).
6 Here, much like in *Pryor v. City of Clearlake*, 2012 WL 2711032, at *2 (N.D. Cal. July 6, 2012),
7 "the lack of relevance combined with the information's sensitive, private nature raises the
8 likelihood that it was filed . . . because of private spite or a desire to scandalize the public." (*See
9 also* Ex. 1 to Wright Decl. at 9-10.) Releasing the information sought to be sealed would do
10 nothing more than publicize information the parties intended to remain private when such
11 information is unnecessary to resolving the Petition.³

12    Despite the parties' desire for confidentiality, Defendants are mindful that should some of
13 the information submitted by Plaintiff, albeit unnecessary, be publicly released, it will not cause
14 any harm. For example, while Defendants believe the parties agreed to treat the entirety of
15 Exhibit 2 (the Consulting Agreement) as confidential, it recognizes that boilerplate language,
16 such as information about choice of law, will not cause harm if released. Thus, the redactions
17 made by Defendants are "narrowly tailored to seek sealing only of sealable material." Local
18 Civil Rule 79-5. The redactions respect the agreed-upon confidentiality and prevent parties from
19 using judicial confirmations of arbitration awards to circumvent such agreements.

## CONCLUSION

21    For the reasons stated herein and in the Rundell Declaration, Defendants respectfully
22 request that the Court permit the documents identified in Exhibit A to be sealed as indicated.
23 Should this Court deny the Motion to Seal, Defendants respectfully ask the Court for permission
24 to file a renewed motion to seal in accordance with whatever Order the Court may enter.

---

³ Information about a non-party should not be made public even under a "compelling reasons" standard. *See, e.g., Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at *2 (N.D. Cal. Mar. 14, 2012) (non-party's name may be redacted); *Mullins v. Premier Nutrition Corp*, 2014 WL 4058484, at *2 (N.D. Cal. Aug. 15, 2014) (finding that "private and sensitive information regarding personal life issues of a party and non-party" can be sealed); *Gordon v. Nexstar Broad., Inc*., 2019 WL 2615753, at *2 (E.D. Cal. June 26, 2019) (granting motion to seal where the court finds "little value to the public in releasing these [personal and private] materials").

DATED: February 8, 2021

       SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

       By:   */s/ Jack P. DiCanio*
           JACK P. DICANIO
         *Attorneys for Defendants*
     MAPLE BEACH VENTURES LLC (NEVADA),
  MAPLE BEACH VENTURES ONE, LLC (WYOMING), AND
   MAPLE BEACH VENTURES ONE, LLC (DELAWARE)

**Exhibit A**

| DOCUMENT PORTION(S) TO BE SEALED | DECLARATORY SUPPORT FOR SEALING | REASONS FOR SEALING |
|---|---|---|
| *Plaintiffs' Petition to Confirm the Arbitration Award and for Entry of Judgment (Dkt. No. 1)* | | |
| Page 1, lines 27-28 | Rundell Decl. ¶¶2-5 | Information about non-party |
| Page 1, line 28 | Rundell Decl. ¶¶2-5 | Tangential confidential information not necessary to resolving this action |
| Page 2, line 1 | Rundell Decl. ¶¶2-5 | Information about non-party |
| Page 2, lines 20-28; Page 3 lines 1-5 | Rundell Decl. ¶¶2-5 | Information about non-party, tangential confidential information not necessary to resolving this action |
| Page 3, line 6 | Rundell Decl. ¶¶2-5 | Information about non-party |
| Page 3, lines 9-10 | Rundell Decl. ¶¶2-5 | Information about non-party, Tangential confidential information not necessary to resolving this action |
| Page 3, lines 12, 25, 26 | Rundell Decl. ¶¶2-5 | Information about non-party |
| Page 3, line 28 | Rundell Decl. ¶¶2-5 | Information about non-party |
| Page 4, lines 5-6; 9-15 | Rundell Decl. ¶¶2-5 | Tangential confidential information not necessary to resolving this action |
| Page 7, lines 22, 23 | Rundell Decl. ¶¶2-5 | Information about non-party |
| Page 7, line 22 | Rundell Decl. ¶¶2-5 | Tangential confidential information not necessary to resolving this action |

| DOCUMENT PORTION(S) TO BE SEALED | DECLARATORY SUPPORT FOR SEALING | REASONS FOR SEALING |
|---|---|---|
| *Declaration of Kerry Garvis Wright in Support of Plaintiff's Petition to Confirm the Arbitration Award and for Entry of Judgment (Dkt. No. 1-1) and Supporting Exhibits (Dkt. Nos. 1-2 – 1-8)* | | |
| Wright Declaration Page 2, lines 15, 17, 19 | Rundell Decl. ¶¶2-5 | Information about non-party |
| Wright Declaration Page 2, line 24 | Rundell Decl. ¶¶2-5 | Information about non-party |
| Exhibit 1, Page 5, lines 1-13, Footnote 1 | Rundell Decl. ¶¶2-5 | Information about non-party; tangential confidential information not necessary to resolving this action |
| Exhibit 1, Page 5, line 15 | Rundell Decl. ¶¶2-5 | Information about non-party |

| | | |
|---|---|---|
| Exhibit 1, Page 8, lines 2, 4, 6, 10, 16, 17, 18 | Rundell Decl. ¶¶2-5 | Information about non-party |
| Exhibit 1, Page 8, line 5 | Rundell Decl. ¶¶2-5 | Tangential confidential information not necessary to resolving this action |
| Exhibit 1, Page 9, lines 3, 11, 12 | Rundell Decl. ¶¶2-5 | Information about non-party |
| Exhibit 1, Page 9, lines 16, 17, 20, 21 | Rundell Decl. ¶¶2-5 | Information about non-party; tangential confidential information not necessary to resolving this action |
| Exhibit 1, Page 13, lines 17, 18, 19, 22, 24 | Rundell Decl. ¶¶2-5 | Tangential confidential information not necessary to resolving this action |
| Exhibit 1, Page 14, lines 2-3, 8, 9 | Rundell Decl. ¶¶2-5 | Information about non-party |
| Exhibit 1, Page 14, lines 3, 4, 20 | Rundell Decl. ¶¶2-5 | Information about non-party |
| Exhibit 1, Page 14, lines 23, 24 | Rundell Decl. ¶¶2-5 | Tangential confidential information not necessary to resolving this action |
| Exhibit 1, Page 15, lines 3, 17, 22 | Rundell Decl. ¶¶2-5 | Tangential confidential information not necessary to resolving this action |
| Exhibit 1, Page 15, lines 13-16 | Rundell Decl. ¶¶2-5 | Tangential confidential information not necessary to resolving this action |
| Exhibit 1, Page 17, line 6 | Rundell Decl. ¶¶2-5 | Information about non-party |
| Exhibit 1, Page 22, line 23 | Rundell Decl. ¶¶2-5 | Information about non-party |
| Exhibit 1, Page 23, line 2 | Rundell Decl. ¶¶2-5 | Information about non-party |
| Exhibit 1, Page 25, footnote 2 | Rundell Decl. ¶¶2-5 | Tangential confidential information not necessary to resolving this action |
| Exhibit 1, Page 27, lines 16, 17 | Rundell Decl. ¶¶2-5 | Tangential confidential information not necessary to resolving this action |
| Exhibit 1, Page 28, line 1 | Rundell Decl. ¶¶2-5 | Tangential confidential information not necessary to resolving this action |
| Exhibit 1, Page 29, lines 5, 7, 13, 16 | Rundell Decl. ¶¶2-5 | Tangential confidential information not necessary to resolving this action |
| Exhibit 1, Page 30, lines 12, 14, 18, 19 | Rundell Decl. ¶¶2-5 | Tangential confidential information not necessary to resolving this action |

| | | |
|---|---|---|
| Exhibit 1, Page 31, line 16 | Rundell Decl. ¶¶2-5 | Tangential confidential information not necessary to resolving this action |
| Exhibit 1, Page 32, line 10 | Rundell Decl. ¶¶2-5 | Tangential confidential information not necessary to resolving this action |
| Exhibit 1, Page 33, lines 9, 10, 11 | Rundell Decl. ¶¶2-5 | Tangential confidential information not necessary to resolving this action |
| Exhibit 1, Page 37, lines 9, 17, 18, 20 | Rundell Decl. ¶¶2-5 | Tangential confidential information not necessary to resolving this action |
| Exhibit 1, Page 37, line 11 | Rundell Decl. ¶¶2-5 | Information about non-party |
| Exhibit 1, Page 37, line 19-20 | Rundell Decl. ¶¶2-5 | Tangential confidential information not necessary to resolving this action |
| Exhibit 1, Page 38, lines 2, 7, 13, 20-21, 22 | Rundell Decl. ¶¶2-5 | Information about non-party |
| Exhibit 1, Page 43, line 17 | Rundell Decl. ¶¶2-5 | Information about non-party |
| Exhibit 1, Page 43, line 18 | Rundell Decl. ¶¶2-5 | Tangential confidential information not necessary to resolving this action |
| Exhibit 1, Page 47, line 7 | Rundell Decl. ¶¶2-5 | Information about non-party; tangential confidential information not necessary to resolving this action |
| Exhibit 1, Page 47, lines 7, 8 | Rundell Decl. ¶¶2-5 | Information about non-party |
| Exhibit 2, ¶2 | Rundell Decl. ¶¶2-5 | Tangential confidential information not necessary to resolving this action |
| Exhibit 2, ¶3(f) | Rundell Decl. ¶¶2-5 | Information about non-party; tangential confidential information not necessary to resolving this action |
| Exhibit 2, ¶3(g) | Rundell Decl. ¶¶2-5 | Information about non-party |
| Exhibit 2, ¶7(a)(iii) | Rundell Decl. ¶¶2-5 | Information about non-party |
| Exhibit 2, Attachment I | Rundell Decl. ¶¶2-5 | Information about non-party |
| Exhibit 3, Page 1, Introduction | Rundell Decl. ¶6; *see also* Rundell Decl. ¶¶2-5 | Information about non-party |
| Exhibit 3, Page 1, Stipulations | Rundell Decl. ¶6; *see also* Rundell Decl. ¶¶2-5 | Information about non-party; tangential confidential information not necessary to resolving this action |

| | | |
|---|---|---|
| Exhibit 3, ¶1)(a) | Rundell Decl. ¶6; *see also* Rundell Decl. ¶¶2-5 | Information about non-party; tangential confidential information not necessary to resolving this action |
| Exhibit 3, ¶13 | Rundell Decl. ¶6; *see also* Rundell Decl. ¶¶2-5 | Information about non-party |
| Exhibit 3, ¶16 | Rundell Decl. ¶6; *see also* Rundell Decl. ¶¶2-5 | Information about non-party |
| Exhibit 3, Pages 6, 7 | Rundell Decl. ¶6; *see also* Rundell Decl. ¶¶2-5 | Information about non-party; tangential confidential information not necessary to resolving this action |
| Exhibit 4, Page 1 | Rundell Decl. ¶7; *see also* Rundell Decl. ¶¶2-5 | Information about non-party |
| Exhibit 4, ¶16 | Rundell Decl. ¶7; *see also* Rundell Decl. ¶¶2-5 | Information about non-party; tangential confidential information not necessary to resolving this action |
| Exhibit 5, Page 1, introductory paragraph and whereas clauses | Rundell Decl. ¶8; *see also* Rundell Decl. ¶¶2-5 | Information about non-party |
| Exhibit 5, ¶¶ 2, 3 | Rundell Decl. ¶8; *see also* Rundell Decl. ¶¶2-5 | Tangential confidential information not necessary to resolving this action |
| Exhibit 5, ¶4 | Rundell Decl. ¶8; *see also* Rundell Decl. ¶¶2-5 | Information about non-party; tangential confidential information not necessary to resolving this action |
| Exhibit 5, ¶6 | Rundell Decl. ¶8; *see also* Rundell Decl. ¶¶2-5 | Tangential confidential information not necessary to resolving this action |
| Exhibit 5, ¶7 | Rundell Decl. ¶8; *see also* Rundell Decl. ¶¶2-5 | Tangential confidential information not necessary to resolving this action |
| Exhibit 5, Page 2, signature block | Rundell Decl. ¶8; *see also* Rundell Decl. ¶¶2-5 | Information about non-party |
| Exhibit 6 (entire doc) | Rundell Decl. ¶¶2, 9 | Tangential confidential information not necessary to resolving this action |
| Exhibit 7 (entire doc) | Rundell Decl. ¶¶2, 9 | Tangential confidential information not necessary to resolving this action |