# Exhibit A

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

KERRY GARVIS WRIGHT - State Bar No. 206320
kgarviswright@glaserweil.com
THOMAS P. BURKE JR. - State Bar No. 288261
tburke@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Petitioner
Marcy Simon

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARCY SIMON, an individual residing in New York,<br><br>Petitioner,<br><br>v.<br><br>MAPLE BEACH VENTURES, LLC, a Nevada limited liability company; MAPLE BEACH VENTURES ONE, LLC, a Wyoming limited liability company; and MAPLE BEACH VENTURES ONE, LLC, a Delaware limited liability company;<br><br>Respondents. | CASE NO.: 3:21-mc-80013<br><br>**PETITIONER MARCY SIMON'S NOTICE OF PETITION AND PETITION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT**<br><br>[9 U.S.C. § 9 (Federal Arbitration Act)]<br><br>*Declaration of Kerry Garvis Wright submitted concurrently herewith*<br><br>DATE:      TBD<br>TIME:      TBD<br>COURTROOM: TBD |

# NOTICE OF PETITION AND PETITION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on _____, 2021, at ____ a.m./p.m. in Courtroom ____ of the United States District Court for the Northern District of California, Petitioner Marcy Simon ("Petitioner" or "Ms. Simon") will petition the Court, under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, for an order confirming the binding Corrected Final Award, dated January 13, 2021, rendered pursuant to the rules of arbitration of JAMS by a duly appointed arbitrator (the "Final Award") in an arbitration between Ms. Simon and Respondents Maple Beach Ventures, LLC, a Nevada limited liability company ("MBV"), Maple Beach Ventures One, LLC, a Wyoming limited liability company ("MBVOne Wyoming"), and Maple Beach Ventures One, LLC, a Delaware limited liability company ("MBVOne Delaware") (collectively, "Respondents"), and for entry of judgment thereon.

This petition is based upon this Notice; the accompanying Memorandum of Points and Authorities; the Declaration of Kerry Garvis Wright and all exhibits thereto; any matters of which the Court may take judicial notice; and such other evidence and argument as may be presented on this petition.

## RELIEF SOUGHT

Ms. Simon seeks an order from this Court (i) confirming the Final Award, (ii) entering judgment in accordance with the Final Award, and (iii) awarding Ms. Simon her attorney's fees and expenses in incurred in connection with the enforcement of the judgment.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   **Introduction**

On January 13, 2021, the Honorable William J. Cahill (Ret.), a duly appointed arbitrator of JAMS issued a Corrected Final Award in *Marcy Simon v. Maple Beach Ventures, LLC, et al.*, JAMS Reference No. 1100105449, awarding Ms. Simon:

- Damages in the total amount of $101,359.42, plus pre-judgment interest of 10%; and
- A declaration that she has "a right to 10% of the after-tax amounts that ▮▮▮▮▮ ▮▮▮▮▮ [sic] receives in final disposition of its ▮▮▮▮▮ investment in Uber,

1

PETITIONER MARCY SIMON'S PETITION TO
CONFIRM ARBITRATION AWARD

CASE NO. 3:21-mc-80013

1952039

1 minus all related costs incurred by ▓▓▓▓▓▓▓▓ in relation to the Uber
2 Investment." Final Award at p. 47, ¶ 7. (A true and correct copy of the Final Award
3 is attached to the Declaration of Kerry Garvis Wright ("Garvis Wright Decl.") as
4 **Exhibit 1**).

5 Additionally, because Ms. Simon was determined to be the "prevailing party," she was
6 awarded $297,426.50 in attorneys' fees and $62,326.79 in expenses. *Id.* at p. 47, ¶ 8.

7 The Court should confirm the Final Award and enter judgment thereon, pursuant to Section
8 9 of the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, because (1) Judge Cahill issued the Final
9 Award pursuant to the provisions of a valid and binding arbitration agreement between the parties,
10 (2) Ms. Simon timely filed this Petition to Confirm, and (3) none of the limited exceptions to
11 confirmation of an arbitration award are applicable. Judicial review of the Final Award is limited
12 and deferential and the Court "must grant" an order confirming the Final Award unless grounds
13 exist to vacate, modify, or correct the award pursuant to 9 U.S.C. §§ 10 and 11. As Respondents
14 cannot show that any of the statutory exceptions to confirmation apply, Ms. Simon respectfully
15 requests that the Court confirm the Final Award in its entirety and enter final judgment thereon enter
16 judgment thereon, and award Ms. Simon her attorney's fees and costs post-dating the Final Award
17 incurred in connection with enforcement of the judgment.

18 **II.     Factual Background**
19      **A.     The Parties' Agreements**

20 ███████████████████████████████████
21 ███████████████████████████████████
22 ███████████████████████████████████
23 ██████
24 ███████████████████████████████████
25 ███████████████████████████████████
26 ███████████████████████████████████
27 ███████████████████████████████████
28 ███████████████████████████████████

1  ████████████████████████████████████
2  ██████████████████████████████████████████████
3  ████████████████████████████████████████████████
4  ████████████████████████████████████████████████
5  ████████████████████████████████████████████████

6       In September 2014, to memorialize their agreements, Ms. Simon and ██████
7 entered into a Settlement Agreement and Mutual Release ("the Settlement Agreement") and a Non-
8 Disclosure Agreement ("the NDA"), both dated as of September 19, 2014. Additionally, Ms. Simon
9 and Maple Beach Ventures, LLC ████████████████████████████████████████
10 ██████████████████████████████████████ entered into a Consulting Agreement, also
11 dated as of September 19, 2014 ("the Consulting Agreement"). The Agreements were amended on
12 October 10, 2016 in a written Amendment No. 1 signed by Ms. Simon, ████████, and MBV.
13 (The Settlement Agreement, the NDA, the Consulting Agreement, and the Amendment are referred
14 to collectively as "the Agreements"). (True and correct copies of the Agreements are attached to the
15 Garvis Wright Decl. as **Exhibits 2 through 5**.)

16       Pursuant to the Consulting Agreement, MBV agreed to engage Ms. Simon for a five-year
17 renewable term as a consultant to provide "general business research consulting services and
18 introductions to potential investment opportunities," in exchange for which she would receive a
19 monthly consulting fee, reimbursement of certain business expenses, and payment of general
20 administrative expenses and expenses for Ms. Simon's attendance at or participation in conferences
21 and conventions related to her services. In addition, for investments made by MBV pursuant to the
22 Consulting Agreement, Ms. Simon was entitled to receive—upon the final disposition of the
23 investment—20% of the after-tax amounts MBV receives in excess of its investment.

24       Further, through the Consulting Agreement, MBV explicitly acknowledged and affirmed an
25 earlier oral agreement Ms. Simon and ████████ had entered into as a result of Ms. Simon's
26 introduction to ████████ of an investment in Uber Series B shares. ████████ agreed that Ms.
27 Simon would be entitled to—and agreed to pay her—10% of the proceeds from the investment in
28 Uber Series B shares made by a separate but related entity, ████████████████ (the "Uber

3

Investment").

Ms. Simon performed under the Consulting Agreement, including by introducing MBV to numerous investment opportunities, some of which MBV invested in, such as Hola Networks, Ltd. and Brandtale. At first, MBV paid Ms. Simon pursuant to the terms of the Consulting Agreement, including the ▆▆▆ monthly consulting fee (later reduced to ▆▆▆ with ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆), and reimbursed certain of Ms. Simon's business expenses. Then, in or about August 2017, without justification, MBV stopped making any payments whatsoever to Ms. Simon under the Consulting Agreement.

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

### B. The Arbitration Agreement and Plenary Hearing

The Consulting Agreement contains an arbitration provision in Section 7.h:

<u>Arbitration</u>.   Any claim or dispute arising out of or relating to this agreement or the breach of this agreement shall be submitted to binding confidential arbitration in San Francisco, California before the Judicial Arbitration and Mediation Service, which shall appoint a single arbitrator who shall have the power to resolve such claim or dispute. To the extent possible, the parties agree to do such arbitration telephonically. The arbitrator shall be entitled to award any legal and equitable remedies the arbitrator deems appropriate in resolving any claim, except that the arbitrator may not award lost profits or consequential damages of any kind, damages for emotional distress or punitive or exemplary damages. Consultant and the Company agree to be bound by the award in such arbitration and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. If any arbitration, legal action or other proceeding is commenced which is related to this Agreement, the losing party shall pay the prevailing party's actual attorney's fees and expenses incurred in the preparation for, conduct of or appeal or enforcement of judgment resulting from the proceeding. The phrase "prevailing party" shall mean the party who is determined in the proceeding to have prevailed or who prevails by dismissal, default or otherwise. The Parties agree that, subject to any non-waivable disclosure obligations under applicable law, the arbitration, and all matters relating thereto or arising thereunder, including, without limitation, the existence of any claim, the proceeding and all of its elements (including any pleadings, briefs or other documents submitted or exchanged, any testimony or other oral submissions, any third party discovery proceedings, including any discovery obtained pursuant thereto, and any decision of the arbitrator(s) or award), shall be kept strictly confidential, and each party

hereby agrees that such information shall not be disclosed beyond: (i) the arbitrator; (ii) the participants in the arbitration and their respective legal counsel; (iii) those agents assisting the Parties in the preparation or presentation of the arbitration; provided such agents are contractually or legally required to preserve the confidentiality of such information as contemplated by this Agreement; (iv) other employees or agents of the Parties with a need to know such information who are contractually required to preserve the confidentiality of such information as contemplated by this Agreement. The Parties further agree that they will, to the fullest extent permitted by law, file under seal any claim, cause of action or proceeding relating to any arbitration sought, compelled or performed hereunder or any arbitration ruling or award issued. Disclosure under this Section 7.h., including any authorized disclosure by the disclosing party, does not relieve the receiving party of its obligations of confidentiality generally under this Agreement or any other agreement. In no event will the receiving party or its agents oppose an action by the disclosing party to obtain a protective order, order sealing documents, or other relief requiring that confidential information to be disclosed shall be treated confidentially in connection with any claim, action or proceeding.

Pursuant to the arbitration provision, on April 4, 2019, Ms. Simon initiated arbitration against MBV and Maple Beach Ventures One, LLC,[1] asserting claims for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) accounting; and (4) declaratory relief. Respondents originally alleged counterclaims against Ms. Simon but ultimately did not pursue those counterclaims at the evidentiary hearing and were awarded nothing (and not otherwise granted relief) on their counterclaims.

The Honorable William J. Cahill (Ret.) ("Arbitrator") conducted an evidentiary hearing in this arbitration proceeding on February 18–21, 2020 at the JAMS San Francisco, California offices. Ms. Simon, Mr. Rundell, and Alisa Baker, Esq., testified at the hearing. Numerous exhibits were offered and admitted. Respondents filed a post-hearing brief on April 6, 2020 and Petitioner filed a post-hearing brief on April 7, 2020. Both parties filed response briefs on April 27, 2020.

### C. Post-Hearing Briefing and Awards

The Arbitrator issued an Interim Award on June 17, 2020, setting forth preliminary determinations and authorizing the parties to submit supplemental briefing if any outstanding issues remained unresolved. The Arbitrator also requested further information and evidence regarding the

---

[1] Ms. Simon originally named MBVOne Wyoming as a Respondent, based on information and belief that some or all of the investments made under the Consulting Agreement had been transferred to it. In post-hearing briefing, counsel for Respondents advised that in fact all of the investments had been transferred to MBVOne Delaware, which apparently was formed on the same day as MBVOne Wyoming. Respondents counsel produced a copy of the MBVOne Delaware operating agreement and a purported assignment agreement, true and correct copies of which are attached to the Garvis Wright Decl. as **Exhibits 6 and 7**, respectively. Respondents authorized adding MBVOne Delaware as a party to the arbitration. Final Award, p. 4.

amounts Respondents paid to Petitioner in monthly/regular consulting fees from October 1, 2016 through September 22, 2017. Lasty, the Arbitrator instructed Respondents to submit evidence demonstrating which investments were finally disposed as of June of 2018 and the amounts of "related costs incurred" by MVB for those investments. The parties filed post-Interim Award briefs on June 29, 2020 and reply briefs on July 8, 2020.

On July 27, 2020, Ms. Simon filed a Motion to Reopen the Evidentiary Hearing, arguing that information relevant to the proceeding had not been produced by Respondents, but had been produced in another proceeding involving Mr. Rundell and a former business associate. Respondents filed an opposition on August 3, 2020 and Petitioner filed a reply on August 17, 2020. The Arbitrator conducted a hearing on the matter on August 21, 2020 and granted Petitioner's motion on August 25, 2020. The Arbitrator ordered Respondents to produce additional evidence, submit supplemental declarations, and provide further information regarding the exit of the Hola investment.

On August 24, 2020, Ms. filed a follow-up brief detailing her understanding of the status of the Hola investment made under the Consulting Agreement. Respondents replied to Petitioner's brief on August 24, 2020, and, on September 4, 2020, Respondents submitted a brief containing the additional information requested by the Arbitrator regarding the Hola investment.

On September 22, 2020, Respondents notified the Arbitrator that Maple Beach Ventures One LLC, a Wyoming company, was named a respondent in Petitioner's Demand, but a second LLC, also named Maple Beach Ventures One, was created in Delaware and that certain investments related to this proceeding were transferred from Maple Beach Ventures, LLC to Maple Beach Ventures One LLC (Delaware). Respondents authorized adding Maple Beach Ventures One LCC (Delaware) as a party to the arbitration.

On October 7, 2020, Ms. Simon submitted a supplemental letter in which she elected to forgo an additional evidentiary hearing and requested that the Arbitrator issue a final award incorporating all matters raised in the post-interim award filings. Respondents filed a response on October 8, 2020 and raised no objection to Ms. Simon's request to close the record.

On November 6, 2020, the Arbitrator notified the parties that the record lacked required

PETITIONER MARCY SIMON'S PETITION TO
CONFIRM ARBITRATION AWARD

CASE NO. 3:21-mc-80013

1952039

documentation supporting Petitioner's request for reimbursement of reasonable attorney fees and costs. Petitioner filed supplemental briefings regarding her request for attorney fees and costs on November 13 and 14, 2020 and Respondents filed a supplemental opposition on November 23, 2020.

The Arbitrator issued a final award on December 16, 2020. On December 23, 2020, Respondents notified the Arbitrator that it believed two computation errors and one typographical error appeared in the Final Award and Respondents sought relief under JAMS Rule 24(j). Petitioner opposed Respondent's request on January 5, 2021. The Arbitrator considered Respondent's request and modified the final award to address the computational and typographical errors noted by Respondent.

The Corrected Final Award granted the following relief to Ms. Simon:

> 3. Claimant is entitled to damages for all regular consulting fees owed under the agreements between October 10, 2016 and September 22, 2017. As detailed in §4(a) of this Final Award, Claimant is entitled to damages in the amount of $40,000 for regular consulting fees owed.
>
> 4. Claimant is also entitled to receive payment for administrative and conference expenses due on September 19, 2017. As detailed in §4(a) of this Final Award, Claimant is entitled to damages in the amount of $40,000 for administrative and conference expenses.
>
> 5. Claimant is entitled to "Additional Compensation" for the Hola and Brandtale investments, which MBV exited, or had the right to exit, prior to the June 18, 2018 termination. As detailed in §4(d) of this Final Award, Claimant is entitled to damages in the amount of $9,787.19 for the Hola investment exit and $11,572.23 for the Brandtale investment exit.
>
> 6. Claimant is entitled to obtain pre-judgment interest of 10% on all monetary damages awarded as of the date of this Final Award.
>
> 7. Claimant is declared to have a right to receive 10% of the after-tax amounts that ▮▮▮▮ receives in final disposition of its ▮▮▮▮ investment in Uber, minus all related costs incurred by ▮▮▮▮ in relation to the Uber Investment. Payment to Claimant is due "upon the final disposition" of the Uber Investment.
>
> 8. Claimant is the "prevailing party" in this proceeding and is entitled to $297,426.50 in attorney fees and $62,326.79 in expenses.

### III.  Jurisdiction and Venue

This Court has jurisdiction over the petition to confirm because the parties are diverse and

the amount in controversy exceeds $75,000: Ms. Simon is an individual who resides in New York, MBV is a Nevada limited liability company, MBVOne Wyoming is a Wyoming limited liability company, and MBV Delaware is a Delaware limited liability company.

Venue is proper because the Final Award was made in the Northern District of California and the parties agreed it could be confirmed in this District. Section 9 of the Federal Arbitration Act ("FAA") provides that, if the parties specify a court, a petition to confirm may be brought in the specified court. Alternatively, "where no court is specified" in the parties' agreement, a petition to confirm "may be made in the United States court in and for the district within which such an award was made." 9 U.S.C. § 9. Here, the parties expressly agreed in the Consulting Agreement that "judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof." Garvis Wright Decl., Ex. 4 at p. 8, ¶ 7(h). In addition, Judge Cahill issued the Final Award in San Francisco following arbitration proceedings that took place in San Francisco. Accordingly, this is the appropriate venue for Ms. Simon's petition and the Court has jurisdiction to confirm the Final Award.

## IV. Argument

The FAA provides that a party may apply to the court for an order confirming an arbitration award if the parties' agreement provides that a court judgment is to be entered upon the award. 9 U.S.C. § 9. As stressed by the Ninth Circuit on numerous occasions, judicial review of an arbitration award "is both limited and highly deferential." *Coutee v. Barrington Capital Grp., L.P.*, 336 F.3d. 1128, 1132 (9th Cir. 2003) (citing *Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.*, 84 F.3d 1186, 1190 (9th Cir. 1996). In this case, Judge Cahill's Final Award is in all respects proper and there are no legitimate grounds to vacate, modify, or correct. Accordingly, the Court should grant an order confirming the Final Award and enter judgment in conformity.

Pursuant to Section 9 of the FAA, the Final Award must be confirmed. The FAA provides that "the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in [9 U.S.C.] sections 10 and 11." 9 U.S.C. § 9 (emphasis added); *see also Hall Street Assocs. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) ("There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the

8

PETITIONER MARCY SIMON'S PETITION TO
CONFIRM ARBITRATION AWARD

CASE NO. 3:21-mc-80013

1952039

'prescribed' exceptions applies"); *Bosworth v. Cubicon Corp.*, 2016 WL 4088879, at *1 (N.D. Cal. Aug. 2, 2016) (Alsup, J.) ("A district court *must* confirm an arbitration award unless it is vacated pursuant to Section 10 or modified pursuant to Section 11 ….") (emphasis in original).

The grounds for vacating or correcting an arbitration award under Sections 10 and 11 are limited to: (1) fraud in the procurement of the agreement; (2) arbitrator corruption; (3) arbitrator misconduct or exceeding of powers; and (4) corrections for material miscalculations, exceeding of powers, or imperfection of form. *G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1104 (9th Cir. 2003). As Section 10 provides the exclusive grounds for vacatur of an arbitration award, a party seeking vacatur "must clear a high hurdle." *Smith v. VMware, Inc.*, 2018 WL 3744472, *1 (N.D. Cal. Aug. 7, 2018) (Gilliam, J.) (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010)).

Thus, "[c]onfirmation is a summary proceeding that converts a final arbitration award into a judgment of the court." *K&M Installation, Inc. v. United Brotherhood of Carpenters, Local 405*, 2016 WL 1559712, at *2 (N.D. Cal. Apr. 18, 2016) (James, M.J.) (quoting *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Sys., Inc.*, 665 F.3d 1091, 1094 n.1 (9th Cir. 2011)). Because the exceptions to confirmation are so limited, "review of the award itself is 'both limited and highly deferential' and an arbitration award may be vacated only if it is 'completely irrational' or 'constitutes manifest disregard of the law.'" *PowerAgent Inc. v. Electronic Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004) (quoting *Coutee*, 336 F.3d at 1132-33; *see also Hall Street*, 552 U.S. at 588 ("Instead of fighting the text, it makes more sense to see the three provisions, §§ 9-11, as substantiating a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway"); *K&M Installation*, 2016 WL 1559712 at *2-3. Under that standard, "confirmation is required even in the face of erroneous findings of fact or misinterpretations of law." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (quoting *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986) (internal quotations omitted). A showing of error—"or even a serious error"—is insufficient to set aside an arbitration award. *Stolt-Nielsen*, 559 U.S. at 671.

Here, Ms. Simon has filed this Petition to Confirm within the one-year time limit set forth in 9 U.S.C. § 9. Absent proof by Respondents that any of the limited grounds set forth in Sections 10 and 11 apply, the Court should confirm the Final Award in its entirety and enter Judgment thereon promptly. Ms. Simon has submitted and served a Proposed Order and Proposed Judgment concurrently with the filing of this Petition.

V.  **Conclusion**

Ms. Simon respectfully requests that, in accordance with the Federal Arbitration Act and the parties' agreements, the Court enter an order confirming the Final Award in its entirety, enter judgment thereon, and award her attorneys' fees and expenses in incurred in connection with the enforcement of the judgment.

DATED: January 19, 2021

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP

By: _____
KERRY GARVIS WRIGHT
THOMAS P. BURKE JR.
Attorneys for Petitioner
Marcy Simon