UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCY SIMON,<br>　　　　Plaintiff,<br>　　v.<br>MAPLE BEACH VENTURES LLC, et al.,<br>　　　　Defendants. | Case No. 21-cv-01005-PJH<br><br>**ORDER RE PETITION TO CONFIRM ARBITRATION AWARD**<br><br>Re: Dkt. Nos. 1, 2, 11, 12 |

Before the court are plaintiff Marcy Simon's motion to confirm arbitration award (Dkt. 1) and motions from both sides variously seeking extensions of time and sealing of documents (Dkt. 2, 11, and 12). The matters are fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**I.   Background**

Plaintiff Marcy Simon and defendant Maple Beach Ventures, LLC,[1] entered into a consulting agreement in 2014 (the "Consulting Agreement"). A dispute subsequently arose between the parties. The parties submitted the dispute to arbitration with JAMS in accordance with the terms of the Consulting Agreement. On January 13, 2021, the

---

[1] Maple Beach Ventures, LLC (Nevada), is the entity that originally contracted with plaintiff. It shares its managing director with both Maple Beach Ventures One, LLC (Wyoming), and Maple Beach Ventures One, LLC (Delaware), and all three entities were parties to the arbitration. All three entities are collectively referred to as "MBV" or defendants herein.

arbitrator issued the corrected final award ("the Final Award").[2] On January 19, 2021, Simon filed a petition in this court to confirm the award and for an entry of judgment. Dkt. 1.

## II. Petition to Confirm Arbitration Award

Section Nine of the Federal Arbitration Act states:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration ... then at any time within one year after the award is made any party to the arbitration may apply ... for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

Title 9 U.S.C. § 9. Courts have "extremely limited review authority" absent grounds to vacate, modify, or correct an arbitration award. Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 998 (9th Cir. 2003). "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 587 (2008).

Here, Simon filed a petition to confirm the award within a matter of days following service of the award. The petition was accordingly filed timely. As defendants do not oppose the motion to confirm the Final Award, there are no grounds on which to vacate, modify, or correct the award. Further, this district is an appropriate venue for confirmation of the arbitration award. The arbitration took place in San Francisco, and Section Nine provides that a petition for judgment upon the arbitration award "may be made to the United States court in and for the district within which such award was made" if, as here, no specific court was originally agreed on by the parties. The court therefore GRANTS the petition to confirm and enter judgment on the Final Award.

---

[2] The parties both submit copies of the Final Award where pagination jumps from numbered page 38 to 41. See Dkt 2-7 at 39-40; Dkt. 19-6 at 40-41. Because both sides submit the same version of the award, the court assumes that the mis-pagination was unintentional and that nothing substantive is missing from the award.

United States District Court
Northern District of California

### III. Attorneys' Fees and Costs

Federal Rule of Civil Procedure 54(d)(2)(A) provides, "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Civil Local Rule 54-5(b) requires that "the motion for attorney fees must be supplemented by declarations or affidavits containing ... [a] statement that counsel have met and conferred" regarding the motion, "or a statement that no conference was held, with certification that the applying attorney made a good faith effort to arrange such a conference." The civil local rules also require "[a] brief description of relevant qualifications and experience" and "the customary hourly charges" of persons for whose services fees are sought. Civ. L.R. 54-5(b).

Simon has not filed a separate motion for attorneys' fees as required, let alone one that complies with the requirements of the local rules. Therefore, Simon's request for attorneys' fees is DENIED without prejudice to allow renewal in a procedurally proper motion.

### IV. Simon's Administrative Motion to Seal

There is a general presumption in favor of public access to federal court records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). When a request to seal documents is made in connection with a motion, the court must determine whether the parties are required to overcome that presumption with "compelling reasons" or with "good cause." If the motion is only tangentially related to the merits, "a 'particularized showing,' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006) (alteration in original) (quoting Foltz v. State Farm. Mut. Auto. Ins. Co., 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)).

Simon filed an administrative motion to seal along with her original petition on January 19, 2021. Dkt. 2. MBV filed its response to Simon's administrative motion to seal on February 8, 2021. Dkt. 19. MBV supports Simon's motion but provides a

narrower limit to the redactions originally sought.  First, MBV argues that the good cause standard applies to these documents because they are only tangentially related to the merits of the present, uncontested petition to confirm the arbitration award.  Second, MBV argues that good cause exists for sealing all of these documents, explaining in part, "the parties chose arbitration as a dispute resolution mechanism precisely because they wanted the terms and conditions of their agreements, as well as facts and circumstances related to any disputes, to be kept confidential. Should the Court deny the motion to seal, it would undermine the parties' decision to choose arbitration as a method of dispute resolution." Dkt. 19 at 3.  MBV also highlights that these documents include references to individuals and entities who are not parties to this arbitration, asserting that their identities should not be disclosed to preserve their confidentiality.  Id. at 5.

Good cause appearing, the court GRANTS Simon's administrative motion to seal the redacted portions of the documents identified in the following list, which is based on the chart in MBV's proposed order (Dkt. 19-3).  This list and MBV's proposed chart of redactions are narrower and more specific than the sealing sought in Simon's original administrative motion.  This list cross-references to the docket locations for the unredacted versions of each document.

**Plaintiffs' Petition to Confirm the Arbitration Award and for Entry of Judgment (Dkt. 2-5):**

- Page 1 (Dkt. 2-5, page 2), lines 27-28
- Page 2 (Dkt. 2-5, page 3), line 1
- Page 2 (Dkt. 2-5, page 3), lines 20-28
- Page 3 (Dkt. 2-5, page 4), lines 1-5, 6, 9-10, 12, 25, 26, 28
- Page 4 (Dkt. 2-5, page 5), lines 5-6; 9-15
- Page 7 (Dkt. 2-5, page 8), lines 22, 23

//

//

//

**Declaration of Kerry Garvis Wright in Support of Plaintiff's Petition to Confirm the Arbitration Award and for Entry of Judgment (Dkt. 2-6) and Supporting Exhibits (Dkt. 2-7 through 2-13):**

- Wright Declaration, page 2 (Dkt. 2-6, page 2), lines 15, 17, 19, 24
- Exhibit 1, page 5 (Dkt. 2-7, page 6), lines 1-13, 15, Footnote 1
- Exhibit 1, page 8 (Dkt. 2-7, page 9), lines 2, 4, 5, 6, 10, 16, 17, 18
- Exhibit 1, page 9 (Dkt. 2-7, page 10), lines 3, 11, 12, 16, 17, 20, 21
- Exhibit 1, page 13 (Dkt. 2-7, page 14), lines 17, 18, 19, 22, 24
- Exhibit 1, page 14 (Dkt. 2-7, page 15), lines 2-3, 4, 8, 9, 20, 23, 24
- Exhibit 1, page 15 (Dkt. 2-7, page 16), lines 3, 13-16, 17, 22
- Exhibit 1, page 17 (Dkt. 2-7, page 18), line 6
- Exhibit 1, page 22 (Dkt. 2-7, page 23), line 23
- Exhibit 1, page 23 (Dkt. 2-7, page 24), line 2
- Exhibit 1, page 25 (Dkt. 2-7, page 26), footnote 2
- Exhibit 1, page 27 (Dkt. 2-7, page 28), lines 16, 17
- Exhibit 1, page 28 (Dkt. 2-7, page 29), line 1
- Exhibit 1, page 29 (Dkt. 2-7, page 30), lines 5, 7, 13, 16
- Exhibit 1, page 30 (Dkt. 2-7, page 31), lines 12, 14, 18, 19
- Exhibit 1, page 31 (Dkt. 2-7, page 32), line 16
- Exhibit 1, page 32 (Dkt. 2-7, page 33), line 10
- Exhibit 1, page 33 (Dkt. 2-7, page 34), lines 9, 10, 11
- Exhibit 1, page 37 (Dkt. 2-7, page 38), lines 9, 11, 17, 18, 19-20
- Exhibit 1, page 38 (Dkt. 2-7, page 39), lines 2, 7, 13, 20-21, 22
- Exhibit 1, page 43 (Dkt. 2-7, page 42), line 17, 18
- Exhibit 1, page 47 (Dkt. 2-7, page 46), lines 7, 8
- Exhibit 2 (Dkt. 2-8, pages 2, 3-4, 8), ¶¶ 2, 3(f), 3(g), 7(a)(iii)
- Exhibit 2, Attachment I (Dkt. 2-8, page 13)
- Exhibit 3, page 1 (Dkt. 2-9, page 2), Introduction and Stipulations

- Exhibit 3 (Dkt. 2-9, pages 2-3, 5, 6), ¶¶ 1(a), 13, 16
- Exhibit 3, page 6 (Dkt. 2-9, facsimile signature pages 7 and 8)
- Exhibit 4, page 1 (Dkt. 2-10, page 2)
- Exhibit 4, ¶16 (Dkt. 2-10, page 5)
- Exhibit 5, page 1 (Dkt. 2-11, page 2), introductory paragraph and whereas clauses
- Exhibit 5 (Dkt. 2-11, pages 2, 3), ¶¶ 2, 3, 4, 6, 7, signature block
- Exhibit 6 (Dkt. 2-12), entirety
- Exhibit 7 (Dkt. 2-13), entirety

## V.  Miscellaneous Motions

MBV filed a motion requesting an extension of time to file a response to Simon's administrative motion to seal.  Dkt. 11.  Simon filed a statement of non-opposition to this extension of time.  Dkt. 16.  The court GRANTS MBV's motion for an extension of time.

MBV filed an administrative motion to seal private medical information related to their request for an extension of time.  Dkt. 12.  Simon filed a statement of non-opposition to this administrative motion to seal.  Dkt. 17.  The court GRANTS MBV's administrative motion to seal these documents.

## VI.  Conclusion

For the reasons discussed above, the petition to confirm the arbitration award and enter judgment based upon the Final Award is GRANTED.  The request for attorneys' fees and costs is DENIED without prejudice.  MBV's motion for an extension of time is GRANTED.  Each of the administrative motions to seal is GRANTED as specified above.

**IT IS SO ORDERED.**

Dated: March 12, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge