United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCY SIMON,<br><br>    Plaintiff,<br><br>    v.<br><br>MAPLE BEACH VENTURES LLC, et al.,<br><br>    Defendants. | Case No. 21-cv-01005-PJH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 32 |

Before the court is plaintiff's motion for attorneys' fees and costs incurred in connection with confirming the arbitration award. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for May 13, 2021, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**I.    Background**

Plaintiff Marcy Simon and defendants Maple Beach Ventures, LLC,[1] entered into a consulting agreement in 2014. A dispute subsequently arose between the parties. The parties submitted the dispute to arbitration with JAMS in accordance with the terms of the Consulting Agreement. On January 13, 2021, the arbitrator issued the corrected final

---

[1] Maple Beach Ventures, LLC (Nevada), is the entity that originally contracted with plaintiff. It shares its managing director with both Maple Beach Ventures One, LLC (Wyoming), and Maple Beach Ventures One, LLC (Delaware), and all three entities are named as defendants. All three entities are collectively referred to as "MBV" or defendants herein.

1  award in plaintiff's favor, which included an award of fees and expenses incurred in the
2  arbitration proceedings.  On January 19, 2021, plaintiff filed a petition in this court to
3  confirm the award and for an entry of judgment.  Dkt. 1.  Defendants did not oppose the
4  petition to confirm the arbitration award.  Dkt. 25.  On March 12, 2021, the court granted
5  plaintiff's petition and entered judgment in her favor.  Dkt. 27 & 28.
6  On April 2, 2021, plaintiff filed a proposed amended judgment and this motion for
7  attorneys' fees and costs incurred in confirming the arbitration award in this court.  Dkt.
8  31 & 32.  On April 16, defendants filed an opposition to the fee request.  Dkt. 33.  On
9  April 23, plaintiff filed a reply.  Dkt. 34.

**II.  Discussion**

In this motion, plaintiff seeks an order (i) awarding $46,986.25 in attorneys' fees and (ii) awarding $1,661.76 in costs.  Plaintiff's motion for fees and costs is based on a provision of the underlying consulting agreement between the parties.  Section 7(h) of the Consulting Agreement provides as follows:

> If any arbitration, legal action or other proceeding is commenced which is related to this Agreement, the losing party shall pay the prevailing party's actual attorney's fees and expenses incurred in the preparation for, conduct of or appeal or enforcement of judgment resulting from the proceeding. The phrase "prevailing party" shall mean the party who is determined in the proceeding to have prevailed or who prevails by dismissal, default or otherwise.

Dkt. 19-7 at 8.  See SCIE LLC v. XL Reinsurance Am., Inc., 397 F. App'x 348, 351 (9th Cir. 2010) ("Under California law, a contract provision that permits the recovery of fees in arbitration is broad enough to include fees in related judicial proceedings.") (quotation marks omitted).  Defendants do not contest this as a basis for an award of fees and costs.  Rather, defendants ask the court to reduce plaintiff's requested fees considerably because they are the result of excessive and unnecessary legal work.  The following assessment thus focuses on the reasonableness of both the attorneys' fees and costs requested.

**A. Attorneys' Fees**

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). A reasonable fee is determined by multiplying (1) "the number of hours reasonably expended on the litigation" by (2) "a reasonable hourly rate." Hensley, 461 U.S. at 433.

Plaintiff's counsel breaks down time spent in this case into the following categories: (1) preliminary research; (2) drafting and filing the Petition to Confirm; (3) drafting and filing the administrative motion to seal; (4) preparing for and attempting service via the U.S. Marshals; (5) post-filing motion practice and correspondence; and (6) drafting and filing this motion, and related conferences.

**1. Hours Worked**

The fee-seeking party bears the initial burden to show that the hours expended on the case were reasonable, using time records documenting what tasks were completed. Hensley, 461 U.S. at 434; Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir.1992). "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008).

The court may reduce the hours through its discretion "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if hours expended are deemed excessive or otherwise unnecessary." Chalmers v. City of L.A., 796 F.2d 1205, 1210 (9th Cir. 1986). In addition, courts may reduce hours where records show billing in block format "because block billing makes it more difficult to determine how much time was spent on particular activities." Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007). A 10 percent reduction is appropriate where "the fee applicant submits billing records that . . . the district court cannot practically rely on . . . to determine a reasonable number of hours," especially considering that "the district court

3

could simply cut the number of hours or the lodestar figure by as much as 10% (without explanation)." Gonzalez v. City of Maywood, 729 F.3d 1196, 1204 n.4 (9th Cir. 2013) (citing Moreno, 534 F.3d at 1112).

### a. Parties' Arguments

Defendants argue that the fee request should be reduced because the number of hours worked by plaintiff's counsel was unnecessary.

First, defendants contend that plaintiff's counsel needlessly prepared papers far in excess of those necessary to confirm the arbitration award. Defendants provide the following examples of papers unnecessarily included in plaintiff's petition: the inclusion of the confidential contract underlying the arbitration action, several agreements ancillary to the Consulting Agreement at issue, pages of factual background regarding the creation of the Consulting Agreement, and a play-by-play of the post-award briefing. Defendants cite to Sayta v. Martin, Case No. 16-cv-03775-LB, 2018 WL 4677456, at *5-6 (N.D. Cal. Sept. 26, 2018) for the premise that petitions confirming arbitration awards should take no more than five hours to complete.

Second, defendants argue that at least $4,000 of fees sought by plaintiff are attributable to mere impatience. Plaintiff's counsel asked defense counsel at the beginning of the case whether they would accept service on behalf of MBV, and when defense counsel said they would get back to them, plaintiff's counsel began researching and preparing for service of the petition through the U.S. Marshals Service. The research and preparation were obviated one week after counsel's initial communication, with defense counsel accepting service.

Third, defendants argue that plaintiff's fee request should be reduced by 20 percent because plaintiff's counsel bills in quarter hour (.25) increments. In support of this request, they cite Welch v. Metro. Life Ins. Co., 480 F.3d 942 (9th Cir. 2007). In that case, the Ninth Circuit affirmed a district court's 20 percent across-the-board reduction based on a finding that quarter-hour billing resulted in a request for excessive hours. Id. at 948-49.

In response to defendants' assertions that the record was inflated and expanded, plaintiff's counsel counters that the documents included in the petition were necessary to provide context and additional support for the administrative motion to seal where defense counsel insisted upon maintaining confidentiality.

The hours plaintiff's counsel spent preparing a lengthy record and petition may be viewed as unnecessary by defendants in hindsight, but plaintiff's counsel was not aware that the petition would be unopposed and found it necessary to file a robust set of papers. Plaintiff argues that the facts of Satya are distinguishable where the petition considered in that case was to confirm a second arbitration award between the same parties, before the same court, and about the same facts required less effort (Id. at *1-2), while this case involves a fresh petition along with a motion to seal.

Plaintiff proceeds to distinguish the facts here from Welch, where the billing records at issue revealed several quarter-hour entries for activities that clearly took much less than a quarter or half-hour. Plaintiff's counsel offers to make their billing records available for inspection by the court *in camera*. Plaintiff otherwise concedes that, if the court finds the quarter-hour entries result in overbilling, the more appropriate result than an across-the-board reduction of fees by an arbitrary percentage would be to reduce those nine entries of 0.25 hours "from 0.25 to 0.1 (and from 2.25 hours total to 0.9 hours)." Dkt 34 at 5.

**b.     Analysis**

Here, plaintiff's counsel should not be penalized for taking a thorough approach to preparation of their papers, but they should also not be rewarded for the time they spent impatiently preparing for activities that were not ultimately completed.

Plaintiff did prepare papers beyond what may have been strictly necessary to confirm the arbitration award as defendants posit, but such papers were not excessive nor superfluous to the court's consideration of the petition. The contract documents provided relevant information for the court to understand the context of the dispute. And it was reasonable for plaintiff's counsel to take a "belt and suspenders" approach to the

5

petition where they were not certain that it would be unopposed by defendants. The court defers to the winning lawyer's professional judgment about the inclusion of papers and effort necessary to prevail on the petition.

In contrast, it is not reasonable for plaintiff to attempt to collect fees for researching and preparing for service of process through the U.S. Marshals Service. At the beginning of this action, defense counsel responded within 20 minutes to plaintiff's inquiry regarding acceptance of service to say they would "check and get back" to them. Supp. Burke Decl., Ex. 1 (Dkt. 34-1 at 4). The records offered by plaintiff show that counsel began preparing for service of the petition the next day, proceeding to spend hundreds of dollars on photocopies and Westlaw search fees before defense counsel agreed to accept service within a week. This effort did not contribute in any meaningful way to plaintiff's success on the merits, and as defendants remark, shows little more than counsel's impatience. The court therefore excludes from the award the 6.75 total hours spent researching and preparing for service of the petition and administrative motion through the U.S. Marshals Service.

Finally, while defendants object to the use of quarter-hour increments in plaintiff's billing, the court cannot discern whether this method of tracking hours resulted in over-billing because of plaintiff's counsel's block billing practice. Plaintiff encourages the court to reduce nine entries of 0.25 hours "from 0.25 to 0.1 (and from 2.25 hours total to 0.9 hours)," but there is no way for the court to understand whether this practice is limited only to those nine entries based on these overly general records. Plaintiff's counsel provides little detail in support of the motion for fees, only providing six general categories of time with the total number of hours spent by each attorney/staff member. This leaves no opportunity for the court to assess how much time was spent on particular activities. The court thus gives a 10 percent "haircut" to plaintiff's total based on their block billing, although further reduction would be justifiable given the opacity of counsel's records. Plaintiff's counsel offers to make their records available for *in camera* review by the court, but this is simply too late. This offer to supplement time records is clearly insufficient

where they carry the *initial* burden to show that the hours expended on the case were reasonable, using time records documenting what tasks were completed. See Hensley, 461 U.S. at 434; Gates, 987 F.2d at 1397.

### 2. Hourly Rate

A reasonable hourly rate is based on the "experience, skill, and reputation of the attorney requesting fees," in the context of "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986); see also Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008). Generally, the relevant community is the forum where the district court sits. Camacho, 523 F.3d at 979. "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." U. Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990). Courts also may rely on decisions by other courts awarding similar rates for work in the same geographical area by attorneys with comparable levels of experience. See Nadarajah v. Holder, 569 F.3d 906, 917 (9th Cir. 2009).

In a relatively recent case from this district, a rate of $425/hour was approved for work completed on a petition to confirm an arbitration award by counsel with between 17 and 19 years of experience. Int'l Petroleum Prod. & Additives Co., Inc. v. Black Gold S.A.R.L., No. 19-CV-03004-YGR, 2020 WL 789567, at *4 (N.D. Cal. Feb. 18, 2020). Counsel's declaration in support of the motion for attorney's fees and costs there provided a relatively bare record to demonstrate the reasonableness of the rates sought. Id. at *4. The court referred to some other Northern District cases resolving fee petitions to show the reasonableness of the fees requested,[2] but the court ultimately relied on its

---

[2] See, e.g., In re MagSafe Apple Power Adapter Litig., No. 5:09-cv-01911-EJD, 2015 WL 428105, at *12 (N.D. Cal. Jan. 30, 2015) ("In the Bay Area, reasonable hourly rates for partners range from $560 to $800, for associates from $285 to $510[.]"); Banas v. Volcano Corp., 2014 WL 7051682, at *5 (N.D. Cal. 2014) (finding rates ranging from $355 to $1,095 per hour for partners and associates were within the range of prevailing rates).

7

1   own understanding of market rates, the nature of the case, and comparable rates that the
2   court previously approved to determine that the rate of $425/hour was reasonable. Id. at
3   *4.

### a. Parties' arguments

Plaintiff's counsel seeks the following rate per member of the litigation team: Kerry Garvis Wright, partner, $600/hour; Thomas P. Burke Jr., associate, $550/hour in 2020 and $575/hour in 2021; Tania Seanpanah, associate, $450/hour; Allison Gipson, paralegal, $410/hour; Randy Carlos, research librarian, $150/hour. In support of the motion, plaintiff submits the declaration of Thomas P. Burke, associate with the law firm Glaser Weil Fink Howard Avchen & Shapiro LLP. Dkt. 32-1. Mr. Burke's declaration summarizes (1) counsel's meet and confer process preceding the present motion (¶¶ 2-4); (2) how the firm maintains time records using software (¶¶ 5-7); and (3) the credentials, years of experience, and billing rates of the firm's attorneys and staff (¶¶ 8-12). Dkt. 32-1.

Defendants argue that plaintiff's fee request should be reduced because more senior counsel performed what they deems to be more junior tasks. In a footnote, defendants argue that plaintiff fails to carry her burden to establish the "reasonableness" of the hourly rate sought—plaintiff's counsel provides no admissible evidence that these rates are the prevailing rate for attorneys with comparable skill and experience.

Plaintiff defends her litigation strategy and use of attorneys in preparation of the petition. Plaintiff cites cases providing that a "Court should not speculate as to how other firms might have staffed the case or impose its own judgment regarding the best way to operate a law firm but should instead look at the difficulty and skill level of the work performed." San Francisco Baykeeper v. W. Bay Sanitary Dist., No. C-09-5676 EMC, 2011 WL 6012936, at *9 (N.D. Cal. Dec. 1, 2011) (citing Moreno, 534 F.3d at 1112). Plaintiff's counsel cites to a recent bankruptcy case in the Southern District of New York in which defense counsel's firm bills at rates far exceeding their own. Counsel attaches a copy of the 83-page application from bankruptcy court to show that defense counsel's

1  firm (Skadden, Arps, Slate, Meager & Flom, LLP) bills for associates in excess of $1,000
2  per hour while plaintiff's counsel here asks for a discounted rate of $600 per hour for the
3  work of a partner. Plaintiff's counsel then cites generally to a recent Central District
4  decision for the premise that the rates they charge in this case are aligned with those
5  charged by comparable firms in Los Angeles. See Vasquez v. Packaging Corp. of Am.,
6  No. CV191935PSGPLAX, 2020 WL 6785650, at *10 (C.D. Cal. Aug. 17, 2020) ("In Los
7  Angeles, partners have an hourly rate ranging from $450 to $955, and associates from
8  $382 to $721.") (citing the 2018 Real Rate Report: The Industry's Leading Analysis of
9  Law Firm Rates, Trends, and Practices). Finally, plaintiff asks the court to rely on its own
10 experience and knowledge to recognize that the rates charged here are reasonable.

### b. Analysis

Here, the court resists second-guessing the staffing choices of plaintiff's counsel. Plaintiff prevailed, and as noted above, the court need not question winning counsel's professional judgment about the effort or preparation necessary to meet their client's goals. See Moreno, 534 F.3d at 1112. Moreover, the performance of certain tasks by more senior counsel is clearly mitigated where the partner working on the case reduced her hourly rate to $600 per hour, almost matching the $575 per hour billed for the senior associate on the case. Counsels' staffing choices do not warrant a reduction in the rates they seek.

But defendants are correct that plaintiff provides no admissible evidence that these rates are the prevailing rate for attorneys with comparable skill and experience. Plaintiff provides no information in either of counsel's declarations demonstrating that these are the prevailing rates for comparable counsel, instead unhelpfully directing the court's attention to fees sought by their opponents in other fora.

The single case cited by plaintiff does support the reasonableness of counsel's rates for the Los Angeles area—$600 per hour falls within the range for partners and both $575 and $450 per hour fall within the range for associates. It is disappointing that counsel could not find a single case from the Northern District, *this* forum, to cite in

9

support of their motion. It is additionally disappointing that counsel could not offer any reference point for reasonable rates for similar work to cite in support of their motion.

The court thus finds it necessary to reduce the requested hourly rates for plaintiff's counsel. Plaintiff bears the burden to establish by competent evidence each (1) the experience of the attorneys requesting fees, (2) the skill and reputation of the attorneys requesting fees related to the subject matter at hand, and (3) the rates prevailing in the relevant community. Plaintiff touches on the first two points in the first Burke Declaration (Dkt 32-1), but completely fails to establish the third point, one-third of her necessary evidence. The court, in its discretion, accordingly reduces all rates by one-third. The hourly rate for Kerry Garvis Wright, partner with nearly 30 years of experience, is reduced from $600/hour to $400/hour. The hourly rate for Thomas R. Burke, associate with eight years of experience, is reduced from $575/hour to $383.33/hour.[3] The hourly rate for Tania Seanpanah, associate with three years of experience, is reduced from $450/hour to $300/hour. The hourly rate for Allison Gipson, paralegal with eight years of experience, is reduced from $410/hour to $273.33/hour. The hourly rate for Randy Carlos, research librarian, is reduced from $150/hour to $100/hour.

These rates are still in the ballpark of historical rates in this district and the $425/hour approved for similar post-arbitration award work in Int'l Petroleum Prod. & Additives Co., Inc., 2020 WL 789567, by counsel with between 17-19 years of experience. The court reiterates that the rates sought by counsel in this case are reduced at the court's discretion for a lack of evidentiary showing—the requested rates may prove reasonable in other contexts if properly supported by competent evidence.

### 3. Lodestar Calculation

Based on the conclusions above, rejecting plaintiff's counsel's hours spent preparing for service through the U.S. Marshals Service, giving a 10 percent haircut for block-billing, and granting plaintiff's counsel's requested rates, the court calculates the

---

[3] The court addresses all hours billed by Mr. Burke according to this rate, avoiding any discernment of the hours billed at $550/hour versus $575/hour.

10

attorneys' fees to be awarded to plaintiff as follows:

| Timekeeper | Total Billed Hours | Hourly Rate | Total Billed Amt. |
|---|---|---|---|
| Kerry Garvis Wright | 18 | $400 | $7,200 |
| Thomas R. Burke | 50.75 | $383.33 | $19,454 |
| Tania Seanpanah | 2 | $300 | $600 |
| Allison Gipson | 3 | $273.33 | $819.99 |
| Randy Carlos | 0.25 | $100 | $25 |
| **Lodestar Total** | | | **$28,098.99** |

**B.    Costs**

Pursuant to Federal Rule of Civil Procedure 54(d), costs (other than attorneys' fees) should be awarded to a prevailing party unless a statute, rule, or court order provides otherwise. Fed. R. Civ. P. 54(d)(1). "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." Stanley v. University of So. Cal., 178 F.3d 1069, 1079 (9th Cir.1999). Taxable costs are listed in 28 U.S.C. § 1920 as follows:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Civil Local Rule 54-3 provides additional standards for interpreting the costs allowed under section 1920. The taxation of costs lies within the trial court's discretion. Assoc. of Mexican-American Educators v. California, 231 F.3d 572, 591 (9th Cir.2000). If the district court wishes to depart from the presumption in favor of awarding costs, it must

1  "specify reasons" for doing so by explaining "why a case is not 'ordinary' and why, in the
2  circumstances, it would be inappropriate or inequitable to award costs." Id. at 591-93.
3  District courts may consider a variety of factors in determining whether to exercise their
4  discretion to deny costs to the prevailing party. Id. at 592-93.

### 1. Parties' Arguments

Plaintiff seeks to recover a total of $1,661.76 in costs. Counsel acknowledges within the motion that "The majority of the expenses for 'photocopies' [$904.80] were incurred preparing copies of the Petition and administrative motion for service by the U.S. Marshals. Petitioner needed to print four complete sets of the petition and administrative motion, including exhibits and in color, for the Marshals Service—one set for each of the named defendants and one for the Marshals' records." Dkt. 7. The other costs plaintiff seeks are reimbursement for Westlaw online research, U.S. Marshals fees, shipping fees, and the civil case filing fee.

Defendants' opposition brief does not include any substantive dispute as to plaintiff's costs.

### 2. Analysis

Here, defendants do not demonstrate that costs should not be awarded. The presumption in favor of awarding costs thus remains unrebutted. Earlier in this order, however, the court eliminated as unreasonable the hours plaintiff's counsel spent preparing service of the petition and motion to seal through the Marshals Service. On similar grounds, the court eliminates as unreasonable the photocopy costs incurred in preparing service of the petition and motion to seal through the Marshals Service. The expense of $904.80 for unserved photocopies is excluded from the award of plaintiff's costs.[4] The court thus grants plaintiff's request in part to recover a total of $756.96 in costs.

---

[4] The photocopy costs represent just the largest portion of plaintiff's costs related to this service-related misadventure. Other costs, including fees, were incurred in preparing these documents for service by the Marshals Service. However, the court considers elimination of this expense alone in the face of defendants' failure to object to the costs.

**III. Conclusion**

For the foregoing reasons, plaintiff's motion for attorneys' fees and costs is GRANTED in part and DENIED in part. The court awards a total of $28,098.99 in attorneys' fees for plaintiff's counsel and $756.96 for plaintiff's costs.

**IT IS SO ORDERED.**

Dated: May 12, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge